## 54641. HOLLAND v. THE STATE.

WEBB, Judge.

Holland appeals from his conviction for rape of his mother-in-law and the fifteen-year sentence. He enumerates four errors; they are all without merit; and the judgment below must be affirmed.

1. The first two enumerated errors complain that the trial court failed to furnish the jury, even without request, adequate instructions by which they could determine whether the rape victim's testimony had been corroborated, and that the question of corroboration was solely for their determination. The charge of the court refutes this contention. The charge quoted in full Code Ann. § 26-2001. The trial court further charged: "You are the sole exclusive and conclusive judge as to what the facts of the case are. You pass upon the weight, force and credit to be given to the evidence in the case and you alone determine the credibility of the witnesses who have testified in the case." " 'A correct instruction to the jury is not subject to exception for failure, in absence of an

appropriate request, to embody an additional definitive or explanatory charge.' " *Griffin v. State,* 195 Ga. 368, 371 (1) (24 SE2d 399) (1943); *Phillips v. State,* 142 Ga. App. 581, 582 (3) (236 SE2d 519) (1977).

2. Holland's defense was that the victim consented, and he complains as his third alleged error that the trial court erred in failing, even without request, to charge specifically on this defense. The trial court in his charge read from the indictment that Holland was accused of rape in that he "unlawfully and with force and arms did have carnal knowledge of [name of victim], a female, forcibly and against her will. . ."

The trial judge then charged: "The defendant's plea of not guilty challenges and denies every material allegation in this indictment and the burden is upon the State to prove the defendant's guilt as charged in the bill of indictment to a reasonable and moral certainty and beyond a reasonable doubt before you would be authorized to convict the defendant."

After the charge the court asked defendant's trial counsel: "Do you have any exceptions to the charge?" to which he replied: "None at all, your honor." Then from the court: "Did I charge your contentions?" and the reply, "Yes, sir." If there were error, and we find none, its assertion by appellant now would be impermissible. *Hill v. State,* 237 Ga. 523, 525 (3) (228 SE2d 898) (1976); *Brooks v. State,* 141 Ga. App. 725, 737 (10) (234 SE2d 541) (1977).

3. The court did not err in overruling appellant's motion for new trial.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

SUBMITTED OCTOBER 5, 1977 — DECIDED OCTOBER 26, 1977 — REHEARING DENIED NOVEMBER 10, 1977 —

*Wilson & Wallace, Hugh Q. Wallace,* for appellant. *Joseph H. Briley, District Attorney,* for appellee.