### 56389. REYNOLDS v. THE STATE.

WEBB, Judge.

Frank Reynolds was convicted of child molestation under Criminal Code § 26-2019 and appeals.

1. Reynolds' assertion that the charges against him should have been dismissed after the preliminary hearing because the warrant did not state a time that the offenses occurred is without merit. Not only did the warrant specifically allege that the offenses occurred between January 1 and December 31, 1976, a time within the four-year statute of limitation (Criminal Code § 26-502 (c)),

any challenge to the commitment hearing process is rendered moot when the accused is indicted. *Walker v. City of Atlanta,* 238 Ga. 723 (235 SE2d 28) (1977).

2. The trial court did not err in overruling Reynolds' motion to suppress the statement and testimony of GBI Agent Don Ward and all statements, polygraph examinations and interrogations made without the presence of defense counsel.

(a) "No provision is made in [Criminal Code § 27-313] for pre-trial suppression of evidence deemed illegal for reasons other than unlawful search and seizure."*Barnett v. State,* 123 Ga. App. 369, 370 (180 SE2d 921) (1971).

(b) A Jackson-Denno hearing was properly held outside the hearing of the jury to determine the voluntariness of Reynolds' confession, and the transcript shows that a stipulation for the admissibility of polygraph examination results was entered into between Reynolds, his lawyer and the district attorney. Reynolds requested that he be given a polygraph examination by a duly authorized state examiner. Don Ward, a licensed examiner for the GBI who has administered approximately 1,500 polygraph examinations, met with Reynolds with his attorney's knowledge. Reynolds was advised of his Miranda rights, including his right to have his attorney present, which he waived. During the standard pre-test interview Reynolds stated that he had sexually molested his daughter. At the conclusion of the evidence, to which Reynolds offered no rebuttal, the trial judge concluded that the confession was voluntarily made. "We must accept that factual determination unless it is shown to be clearly erroneous by a preponderance of the evidence, and it has not been so shown. [Cits.]" *Currelley v. State,* 145 Ga. App. 29, 31 (5) (243 SE2d 307) (1978).

(c) Having determined that the confession was voluntary before permitting the jury to hear it, there was likewise no error in allowing Agent Ward to testify in this regard.

3. Reynolds contends that the trial court erred in refusing to grant his motions for directed verdict made at the close of the state's evidence on the grounds that it

failed to prove the allegations of the indictment, that the offense occurred on the date alleged in the indictment, or proper venue.

(a) The indictment charged that Reynolds "did insert his finger into the vagina" of the victim, whereas the testimony of the victim was that, among other sexual acts, he "rubbed his hand across" and "over the top" of her vagina. The indictment is sufficient if it definitely informs the accused of the charges against him so that he is not taken by surprise by the evidence offered at trial, and there is no danger that he may be prosecuted more than once for the same offense. *DePalma v. State,* 225 Ga. 465 (169 SE2d 801) (1969). This court has recently approved a trend away from the overly technical application of the rule *(Caldwell v. State,* 139 Ga. App. 279 (2) (228 SE2d 219) (1976)); *Cole v. State,* 142 Ga. App. 461 (1) (236 SE2d 125) (1977), and we perceive no fatal variance to the state's case here.

(b) The indictment alleged that certain immoral and indecent acts were committed by Reynolds upon the victim on November 1, 1977. The evidence was that the victim came to live for the first time in the same household with Reynolds when she was ten years old, and that the sexual assaults by him upon her began several months later. At the time of Reynolds' indictment on December 20, 1977, and his trial and conviction on March 2, 1978, the victim was thirteen. "Unless time is an essential element of the offense charged the time of the commission of the offense alleged in the indictment is immaterial. To sustain a conviction, there must be proof to establish that the offense occurred prior to the return of the indictment and within the statute of limitation. *Brown v. State,* 82 Ga. App. 673, 675 (62 SE2d 732). The state presented evidence establishing that the offenses occurred prior to the return of the indictments and within the statute of limitation." *Jefferson v. State,* 136 Ga. App. 63, 66 (5) (220 SE2d 71) (1975).

(c) The victim testified that her father committed the sexual assaults upon her while the family was living in Murray County. This was sufficient to establish venue. *Bennett v. State,* 142 Ga. App. 109 (235 SE2d 576) (1977).

4. Reynolds' assertions that the trial court erred in

ordering him to submit to a polygraph examination in the presence of the jury, and allowing the results to be presented to the jury, are without basis. The transcript shows that this was done at his own request and with his lawyer's consent, and that no objection was raised at trial. Indeed, Reynolds called Agent Ward, who conducted the polygraph examination, as his own witness, qualified him as an expert, and submitted the questions and results of the test as his own evidence. In response to Reynolds' direct examination Agent Ward testified that in his expert opinion he received "deception reactions" on all questions he asked Reynolds concerning sex acts with his daughter. When Reynolds resumed his testimony he stated that he had taken the polygraph test voluntarily.

"Induced error is impermissible. [Cits.]" *Drake v. State,* 142 Ga. App. 14, 16 (1) (234 SE2d 825) (1977). Moreover, the cases relied upon by Reynolds as to the inadmissibility of polygraph tests have been expressly overruled by the Supreme Court, and the rule is now that polygraph examination results are admissible at trial provided that both parties expressly so stipulate, and provided that both parties abide by the express stipulation. *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977); *Chambers v. State,* 146 Ga. App. 126 (245 SE2d 467) (1978). Clearly these standards were met here.

5. Error is enumerated on the failure to charge on the credibility of young witnesses, although no objection was raised during the trial as to the victim's competency to testify or the failure to give the requested charge. The trial judge gave his own lengthy instructions concerning determination of the credibility of witnesses, which adequately covered the subject. Consequently, "[i]f there were error, and we find none, its assertion by appellant now would be impermissible. [Cits.]" *Holland v. State,* 143 Ga. App. 817, 818 (2) (240 SE2d 161) (1977).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

Submitted September 6, 1978 — Decided September 25, 1978 — Rehearing denied October 12, 1978 —

*J. W. Yarbrough,* for appellant.

*Charles A. Pannell, Jr., District Attorney, Patricia J. Craft, Assistant District Attorney,* for appellee.