## 61826. HARKEY v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction of the offense of burglary of the Grassdale Pharmacy in Cartersville, Georgia. *Held:*

1. The general grounds are meritless. The jury was authorized to find that police responded to a burglar alarm shortly after 1:00 a. m. on the morning of June 25, 1979, at the Grassdale Pharmacy in Cartersville. The rear door of an adjacent beauty shop was open. Police discovered entry to the pharmacy had been made via the beauty shop by going through a hole in the ceiling and then back down into the pharmacy by another hole in that ceiling. Fiberglass insulation was hanging down from both holes in the ceiling.

Defendant's car was found about 50 yards from the pharmacy in a ditch. Police searched the vehicle to determine ownership. A letter addressed to the defendant was found inside as well as photos of the defendant. Defendant was arrested and brought to the jail. He was advised of his Miranda rights and consented to a search of his home. The police obtained a pair of blue jeans, shoes, and a blue shirt from defendant's house which he identified as his and had worn on that date. Fiberglass insulation fibers taken from the confiscated clothing were compared by a microanalyst of the State Crime Lab to fiberglass insulation samples taken from the beauty shop and the Grassdale Pharmacy and were "found to be identical."

The defendant contended that his car had been stolen from his residence earlier that same night and the fiberglass insulation on his clothing came from the Liberty Baptist Church where he had been working. Fiberglass insulation samples taken from the Liberty Baptist Church were compared to the fiberglass fibers found on defendant's clothing by the State Crime Lab. They were dissimilar — they did not match. This court concludes that any rational trier of fact could have found the essential elements of the crime charged were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court did not err in permitting the police officer to testify that he recognized the person in the photos found in the car near the burglary site as the defendant. Permitting the investigating officer to state that he identified the defendant from a photo "was merely a step in the investigation of the crime. Upon the trial, there

was testimony independent of that as to identification of the appellant. . . ." *Perdue v. State,* 225 Ga. 814, 819 (171 SE2d 563); accord: *Holbrook v. State,* 126 Ga. App. 569 (1) (191 SE2d 348); Code Ann. § 38-302 (Code § 38-302). Even if we were to consider this error — harm must be shown. The defendant could not have been harmed for he admitted the car was his. The photo merely explained why the investigator ordered the arrest of the defendant.

3. The defendant contends it was error for the court, during the absence of the sequestered jury for this case, to state: "to the remaining jurors and spectators in the courtroom . . .that the law was too lenient and had too many loopholes permitting escape of criminal defendants from justice." The record is silent as to the remarks of the judge who offered to place them in writing — but counsel did not accept the offer. See Code Ann. § 6-805 (f) (Ga L. 1965, pp. 18, 24). While we perceive no prejudice to the defendant in the instant case, due to the absence of his jurors *(Luke v. State,* 131 Ga. App. 799, 805 (207 SE2d 213)(rev. on other grounds 232 Ga. 815); *Collins v. State,* 73 Ga. 76 (3) (a); *Townsend v. State,* 76 Ga. 105; see generally 34 ALR3d 1316); if such comment was made it has been criticized as being improper because of the possible taint to those juror's future cases. See *Robinson v. State,* 82 Ga. 535, 545 (6) (9 SE 528); and generally 89 ALR2d 197, at 245, § 13.

4. We have found no grounds for judicial disqualification under Code Ann. § 24-102 (Code § 24-102 as amended through Ga. L. 1943, p. 322) and such statutory grounds are exhaustive. *Jones v. State,* 219 Ga. 848, 849 (136 SE2d 358). Even though remarks made may be ill-advised, where they are not expressed before the jury that tried the case and could not have influenced the decision of this jury — no reversible error appears. *Clenney v. State,* 229 Ga. 561, 562 (192 SE2d 907); *Mitchell v. State,* 136 Ga. App. 658 (3) (222 SE2d 160); *Moon v. State,* 154 Ga. App. 312 (4) (268 SE2d 366).

5. Defendant's enumerated errors "IV" through "VIII" allege the errors complained of were "contrary to due process" and "equal protection." These nebulous and all inclusive tenets of our law are generic as opposed to specific. We note that Corpus Juris Secundum, in its general index, list 155 major headings under "due process" and in 16A CJS 8, under the single heading of "constitutional law" — there are 140 individual topics under "due process." These enumerations do not, with even a modicum of specificity, direct our attention to the error complained of.

"Appellate courts have insisted that objections made at trial must be specific, and objections that are 'too vague and indefinite' do not require decision by a trial court or an appellate court. [Cits.] And, prior to the Appellate Practice Act (Ga. L. 1965, p. 18 et seq.) it was

accepted that 'mere general assignment of error on the judgment . . . was too vague and indefinite to present any question for decision by this court, except as to sufficiency of the facts . . .' " *MacDonald v. MacDonald,* 156 Ga. App. 565, 566 (275 SE2d 142). However, our Code provides "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing . . . what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding . . . that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." Code Ann. § 6-809 (d) (Ga. L. 1965, pp. 18, 29; as amended through 1972, p. 624). Unfortunately, reference to the record, the brief, and the enumeration of errors, merely confirm that counsel speaks only in terms of "due process" and "equal protection" of the law even though he was advised by the trial court when it was trying to obtain a degree of specificity: "Due process covers a multitude of sins."

We have examined defendant's enumerations of error IV through VIII and found no violation of due process or denial of equal protection of the law.

6. We have also examined defendant's remaining enumerations of error and found them to be without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 15, 1981 —
REHEARING DENIED JUNE 30, 1981 —

*Ben Lancaster,* for appellant.
*Darrell E. Wilson, District Attorney,* for appellee.