68073. GAINOUS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary and appeals (1) on the general grounds. He also contends the trial court erred (2) by failing to suppress evidence seized as a result of an illegal arrest and (3) by failing to give the requested charge on possession and identity of recently stolen property.

Police responded to a burglar alarm from the Cairo Country Club in Grady County, Georgia at 4:32 a.m. On arrival a sheriff's investigator saw appellant kneeling behind a garden bed between some shrub-

bery and the clubhouse. Appellant was ordered to come out of the bushes twice, and after the second order he came out, was arrested and handcuffed. Four cans of Coors beer were found at the spot where appellant was first observed. Two windows in the clubhouse were broken, and four cans of Coors beer were missing from the cooler in the pro shop; the beer found where appellant was kneeling was ice cold. Appellant had no authority to be in the clubhouse and no authority to take the beer.

1. We find the evidence sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by denying his motion to suppress the beer found at the site where appellant was first observed. Although the beer was marked for identification as State exhibits, the cans of beer were never offered or admitted into evidence. The overruling of a motion to suppress evidence becomes moot when such evidence is not introduced at trial. *Jarrell v. State*, 234 Ga. 410, 416 (3) (216 SE2d 258) (1975).

3. Appellant contends it was error to deny his request to charge that where the State relies upon a defendant's recent possession of stolen goods to prove he committed a burglary, it is absolutely essential that identity of the stolen goods be indisputably established. While this is a correct statement of the law, *Tommie v. State*, 158 Ga. App. 216, 218 (4) (279 SE2d 510) (1981), the requested charge was not applicable here. At a hearing to determine jury charges, the trial court informed defense counsel that it did not intend to charge on recent possession and, therefore, appellant's request to charge on recent possession would not be given. Appellant's counsel agreed with this decision after being reassured that the court was not going to give *any* charge on recent possession of stolen property. Thus, if there was any error in refusing to give the requested charge, it was induced by appellant's acquiescence in the court's decision, and induced error is impermissible. *Reynolds v. State*, 147 Ga. App. 488, 491 (4) (249 SE2d 305) (1978).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 6, 1984.

*Edward C. Parker*, for appellant.

*J. Brown Moseley, District Attorney, Ron S. Smith, Assistant District Attorney*, for appellee.