## 69785. MOORE v. THE STATE.
(330 SE2d 397)

SOGNIER, Judge.

Appellant was convicted of armed robbery and enumerates 14 errors on appeal. Twelve of the 14 enumerations relate to matters raised in an oral motion to dismiss the charge made by appellant pro se. The record fails to support these several grounds and this court cannot consider factual representations in a brief which do not appear in the record. *Gray v. State*, 156 Ga. App. 117, 119 (3) (274 SE2d 115) (1980). Hence, we will consider only appellant's enumerations of error on the general grounds and his allegation relating to ineffective assistance of counsel.

1. Appellant and William Watson decided to rob a convenience store. Watson parked his car nearby, gave appellant a gun and waited in the car while appellant entered the store and robbed the cashier at gunpoint. The cashier called the police and appellant and Watson were apprehended about three hours later. Appellant was identified positively as the robber when he was taken back to the store, and was also identified in court. Appellant made a voluntary confession to the robbery after being advised fully of his rights. Watson also testified for the State and implicated appellant as a participant in the robbery. This evidence is more than sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends he was denied effective assistance of counsel because of his counsel's trial tactics.

We have examined the entire record and transcript and find that appellant's counsel negotiated a favorable pretrial agreement which appellant rejected; conducted extensive and appropriate cross-examination of State witnesses; presented three witnesses on appellant's behalf, in addition to appellant's testimony; and made an opening statement and closing argument. Considering the overwhelming evidence against appellant, including positive identification and appellant's confession, his attorney did an excellent job in representing appellant. The effectiveness of counsel cannot be fairly measured by the result of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered. *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974). Although appellant complains of the way his case was tried by his counsel, errors of judgment and tactical errors do not constitute denial of effective assistance of counsel. *Bishop v. State*, 155 Ga. App. 611, 615-616 (2d) (271 SE2d 743)

(1980). Hence, this enumeration of error is without merit.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 2, 1985.

*William T. Winder*, for appellant.

*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney*, for appellee.