70163. FLUKER v. THE STATE.
(332 SE2d 34)

SOGNIER, Judge.

Appellant was convicted of rape and theft by taking and appeals.

1. Appellant contends the trial court erred by denying his motion to sever the offense of theft by taking from the offenses of rape and aggravated sodomy. (The jury was deadlocked and no verdict was returned on the latter charge.) The evidence disclosed that appellant entered the victim's apartment at gunpoint, beat her, tied her up and had carnal knowledge of her forcibly and against her will three times over a period of 2-½ to 3 hours. After leaving the victim's apartment appellant went to a service station and called a taxicab. A police officer who had received a "lookout" for appellant saw him enter a taxicab and depart. The policeman stopped the cab and had the driver come to the police car. When the officer approached the taxicab and looked in the window appellant jumped from the back seat into the driver's seat and drove off. He drove a short distance, jumped out of the car and ran. Appellant was apprehended after a short chase.

Appellant argues that not severing the theft by taking charge from the other two charges put him at an unfair advantage, causing a "smear" effect.

OCGA § 16-1-7 provides that if several crimes arising from the same conduct are known to the prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except the court may, in the interest of justice, order that one or more of the charges be tried separately. We have held that where the joinder is based upon the same conduct or on a series of acts connected together, severance lies within the sound discretion of the trial judge. *Coats v. State*, 234 Ga. 659, 662 (4) (217 SE2d 260) (1975); *Fluellen v. State*, 163 Ga. App. 425 (2) (294 SE2d 653) (1982). It is clear from the evidence set forth above that the theft of the taxicab occurred when appellant fled to avoid apprehension for the rape of the victim, and the joinder of offenses based upon a series of acts starting with the multiple rape of the victim and culminating in appellant's flight and apprehension within 30 minutes of leaving the victim's apartment. There was nothing complex about the evidence to confuse the jury, as appellant acknowledged having sexual intercourse with the

victim and committing the theft of the taxicab. Thus, the only issues in the case were whether appellant committed aggravated sodomy on the victim, as alleged, and whether the sexual intercourse was consensual or by means of force and violence without the victim's consent. Under such circumstances we find no abuse of discretion in the denial of appellant's motion to sever.

2. Appellant contends the trial court erred by denying his motion for a mistrial based on the court's denial of appellant's right to a thorough and sifting cross-examination of a State witness. The record discloses that after a question and answer on cross-examination the court asked appellant's counsel if he had any other questions. Counsel stated that he did, and the court said: "Let's move on. I don't have time for the theatricals, [sic] Mr. Silver." Counsel stated he had a multitude of notes to read, and the court told him not to sit there and talk back and forth. Counsel then asked if he could make a motion outside the hearing of the jury and the court said he could not. Appellant's motion for a mistrial was then made and denied. Although counsel said he had additional questions and was told by the court to move forward with them, he continued to state that he had to reflect upon his notes. Therefore, the court allowed the prosecuting attorney to proceed with redirect examination and thereafter allowed appellant's counsel to conduct recross-examination.

Although appellant argues that the trial court abridged his right to cross-examine the witness against him, his argument is not supported by the transcript. On the contrary, the court continually told appellant's counsel to proceed and he repeatedly stated he wanted to go through his notes. Ultimately counsel did, in fact, proceed with recross-examination, and there is nothing to indicate that his questioning of the witness was curtailed in any way by the court. This court cannot consider factual representations in a brief which are not supported by the record. *Moore v. State*, 174 Ga. App. 460 (330 SE2d 397) (1985). If any error occurred as a result of the trial court's alleged prejudicial remarks to defense counsel, the remarks were induced by defense counsel's refusal to proceed with cross-examination when directed to do so by the trial court. Thus, if there was error it was induced by appellant, and induced error is impermissible. *Reynolds v. State*, 147 Ga. App. 488, 491 (4) (249 SE2d 305) (1978).

3. Lastly, appellant contends the evidence is insufficient to support the verdict. In addition to the facts set forth in Division 1, the victim was examined by a doctor approximately 1-½ hours after the incident involved in this case. She had bruises and scratches on her head and face, as well as on other parts of her body. Sperm was present indicating the victim had sexual intercourse about two hours prior to the examination. Thus, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S.

307 (99 SC 2781, 61 LE2d 560) (1979).
*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MAY 29, 1985.

*Murray M. Silver*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Harvey Moskowitz, Assistant District Attorneys*, for appellee.