### 69884. GONZALEZ v. THE STATE.
(333 SE2d 132)

SOGNIER, Judge.

Appellant was convicted of conspiracy to traffic in cocaine and marijuana.

1. Appellant contends the trial court erred by allowing an assistant district attorney to prosecute the case and also appear as a witness in violation of the Rule of Sequestration and the Canons of Ethics of the State Bar of Georgia.

At a hearing on a motion to suppress certain tape recordings, logs, orders and other evidence relating to wiretaps, it became apparent that Moye, the chief prosecuting attorney, would be a witness for the State regarding the chain of custody of the evidence and actions taken in obtaining court orders authorizing the wiretaps. Counsel for appellant joined counsel for other codefendants in a motion to disqualify Moye from participating further in the hearing. This motion was denied, and counsel for one of the codefendants made a motion that the rule of sequestration be invoked. The trial judge replied: "I have ruled." As the trial court had ruled only on the motion to disqualify Moye, no ruling was made on the motion to invoke the rule of sequestration. A ruling must be obtained for this court to review an alleged error. *Neal v. State,* 161 Ga. App. 77 (1) (289 SE2d 293) (1982). Assuming the judge's remark constituted denial of the motion to invoke the rule of sequestration, appellant's counsel did not join in that motion. Since any ruling on the motion did not pertain to appellant, we can discern no harm to him resulting from denial of the motion made by a different attorney for a different defendant. *Hollis v. State,* 137 Ga. App. 298 (223 SE2d 491) (1976).

As to disqualification of Moye as prosecuting attorney, we note initially that Moye did not testify in the State's case in chief, but only at the hearing on the motion to suppress. Secondly, Moye's testimony related to custody of tapes and other materials relating to six wire-

taps, and his actions in obtaining court orders authorizing the wiretaps. Directory Rule 5-102, Canons of Ethics, Code of Professional Responsibility, Rules And Regulations For The Organization And Government Of The State Bar Of Georgia (241 Ga. 692) provides: "When a lawyer is a witness for his client, except as to merely formal matters, such as the attestation *or custody* of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client." (Emphasis supplied.)

EC 7-11 and EC 7-13 of the same Rules and Regulations (241 Ga. 700) point out that the responsibility of a lawyer may vary according to the nature of a particular proceeding, such as service as a public prosecutor, and that the responsibility of a public prosecutor differs from that of the usual advocate.

In the instant case it is clear that Moye's testimony as a witness related strictly to formal matters, i.e., custody of certain items and applying for investigative warrants authorizing wiretaps. Hence, the trial court's denial of the motion to disqualify Moye was not error. See *Parker v. Wellons*, 43 Ga. App. 721, 723-724 (1) (160 SE 109) (1931).

2. Appellant contends the trial court erred by allowing State witnesses to testify because their oral, written or recorded prior statements, police and investigative reports, and stenographic translations of conversations recorded by the prosecuting attorney's office, whether relevant or not, had not been furnished to appellant pursuant to his discovery motion.

There is no requirement that such items be furnished to a defendant in a criminal action. *Jarrell v. State*, 234 Ga. 410, 420 (4) (216 SE2d 258) (1975). See also *Hartley v. State*, 159 Ga. App. 157, 158-159 (2) (282 SE2d 684) (1981). All items required to be furnished appellant by statute, such as copies of appellant's oral or written statements and scientific reports, were furnished appellant prior to trial. Hence, this enumeration of error is without merit.

3. Appellant contends error in denial of his motion to suppress evidence obtained through wiretaps, alleging numerous errors relating to the investigative warrants authorizing the wiretaps and the manner in which the wiretaps were conducted. Such errors will be treated separately in the following subparagraphs.

a. Appellant contends there was an unlawful delegation of authority by the district attorney to other members of his office to obtain authorization for wiretaps. This contention is not supported by the transcript. The district attorney testified that he personally authorized each application for authority to conduct electronic surveillance. This court will not consider factual representations in a brief which are not supported in the record. *Moore v. State*, 174 Ga. App.

460 (330 SE2d 397) (1985). The same rule is applicable to appellant's contention regarding the State's failure to establish a chain of custody. Appellant's argument is based on his contention that the prosecuting attorney's testimony was allowed improperly, and we have decided that issue adversely to appellant in Division 1.

b. Appellant contends that in three of the six wiretaps involved in this case Southern Bell Telephone Company provided a leased line and wires for a listening device at the request of an Atlanta police officer prior to a court order authorizing such surveillance. In connection with this contention appellant also contends that in two of these instances the electronic surveillance actually commenced prior to the time authorized by the investigative warrant. Appellant argues that such actions make a wiretap on appellant's telephone and a wiretap on a codefendant's telephone void ab initio, and since information from the illegal taps resulted in additional evidence leading to appellant's arrest and conviction, it should have been suppressed.

The Omnibus Crime Control and Safe Streets Act, 18 USC § 2510 et seq., set forth procedures whereby federal authorities could obtain authorization for wiretaps, and provided further for concurrent State regulation of wiretaps subject, at the minimum, to the requirements of the federal statute. Georgia enacted such a statute, OCGA § 16-11-64, and the wiretaps in the instant case were conducted pursuant to that statute. Both 18 USC § 2511 (2) (a) (ii) and OCGA § 16-11-64 (d) provide that communication carriers, their officers, employees and agents are authorized to provide facilities or technical assistance to persons authorized by warrant to intercept a wire communication. Although the testimony at the motion hearing in this case showed clearly that Southern Bell started installing a line for electronic surveillance at the request of a police lieutenant three days before a warrant authorizing such surveillance was obtained, the installation was not complete until the date the warrant issued. Further, no device capable of intercepting wire communications was placed on the line by Southern Bell.

The intent of the legislature in passing the statute on eavesdropping unless authorized by a court order was a general prohibition against an invasion of privacy. *Birge v. State*, 142 Ga. App. 735, 737 (2) (236 SE2d 906) (1977), reversed on other grounds, 240 Ga. 501. See also *State v. Guhl*, 140 Ga. App. 23, 28 (2) (230 SE2d 22) (1976). Our Criminal Code (OCGA § 16-11-62) makes it an unlawful invasion of privacy for any person in a clandestine manner to intentionally *record* the private conversation of another, *Guhl*, supra, and Southern Bell did not record any conversations or make any attempt to do so. Thus, we find any error in Southern Bell's actions harmless, as no eavesdropping or recording of wire communications was conducted without a warrant as a result of its action.

c. Appellant contends it was error to deny his motion to suppress because the police started their wiretap surveillance and recording of appellant's telephone conversations, as well as that of a codefendant, prior to the time authorized in the warrants for such surveillance. While the record shows that the police started their surveillance after the warrant issued but before the time specified in the warrant, there was no testimony or other evidence relating to those intercepted calls introduced into evidence by the State. The overruling of a motion to suppress evidence becomes moot when such evidence is not introduced at trial. *Gainous v. State*, 171 Ga. App. 157, 158 (2) (319 SE2d 62) (1984).

Appellant also contends that information from the unauthorized taps of his and a codefendant's telephone was used to obtain additional evidence which resulted in appellant's arrest and conviction. Appellant has not referred us to anything in the record to support this contention, and this court cannot consider factual representations in a brief which are unsupported by the record. *Moore*, supra.

d. Appellant contends the guidelines set forth in OCGA § 16-11-64 and 18 USC § 2511 for minimization of electronic surveillance and publication of the information obtained were not followed, because the surveillance was not terminated when criminal activity was first detected, and conversations in Spanish were recorded and translated in their entirety.

The order authorizing electronic surveillance of appellant's telephone provided specifically that since the offenses were of a continuing nature surveillance would *not* cease upon interception of the first crime-related conversation but would continue during the entire period of surveillance authorized; the order authorizing an extension of the surveillance contained the same provision. "An issue of length of time to continue a wiretap addresses itself to the sound discretion of the trial court and absent abuse of that discretion an appellate court will not interfere." *Morrow v. State*, 147 Ga. App. 395, 398 (3) (249 SE2d 110) (1978). Under the facts of this case we find no abuse of the trial court's discretion in denying the motion to suppress based on the length of time the surveillance continued.

In regard to monitoring and recording all calls in Spanish in their entirety, this was done only when a Spanish speaking police officer was not present. When such an officer was present the calls were minimized as required. It is obvious that calls recorded in Spanish, in the absence of a Spanish-speaking officer, would have to be recorded and translated in their entirety in order to determine what calls, if any, pertained to the investigation. Applying the standard of objective reasonableness, *Scott v. United States*, 436 U. S. 128, 137 (2) (98 SC 1717, 56 LE2d 168), we find that persons monitoring the calls acted reasonably to minimize interception of communications not pertinent

to the investigation and the investigative orders. *Morrow*, supra at 407 (8). Any "publication" of the recorded conversations was to other law enforcement officers, and was authorized by 18 USC § 2517. *Morrow*, supra at 399 (4). Hence, this enumeration of error is without merit.

e. Appellant contends the application for a warrant was defective because other investigative techniques were not attempted, or were not shown to be unsuccessful.

The affidavits in support of the application for investigative warrants stated that it was impossible to use an informer with a bug as the informer who had been used was searched by the conspirators before they talked to him, and the only way to obtain evidence of a conspiracy to traffic in cocaine and marijuana was by electronic surveillance. The affidavit in support of an extension of the surveillance also stated that other investigative techniques had failed.

The citations to the transcript in appellant's brief do not support his contention. Further, the purpose of the requirements of 18 USC § 2518 (1) (c) and (3) (c), relating to use of other investigative techniques before resorting to a wiretap, is not to foreclose electronic surveillance until every other method of investigation has been attempted unsuccessfully, but to inform the issuing judge of the difficulties involved in the use of conventional techniques. *State v. Bilbo*, 240 Ga. 601, 602 (1) (242 SE2d 21) (1978). In *Bilbo* the court went on to point out that the showing is tested in a practical and common sense fashion. Considering the nature of the crime under investigation (conspiracy to traffic in cocaine and marijuana), we do not believe traditional investigative techniques would suffice to expose the crime.

f. Appellant contends a return was not filed on the warrants within 30 days as required by OCGA § 16-11-64 (d), thereby depriving him of his due process rights. Again, appellant cites no authority to support this contention and has shown no prejudice resulting from failure to file the returns within the specified time. Absent a clear showing of prejudice, failure to comply strictly with administrative requirements does not require suppression of the evidence. *Morrow*, supra at 408 (10).

g. Appellant contends the evidence should have been suppressed because the surveillance device was placed in a county outside the jurisdiction (Fulton County) of the district attorney and the issuing judge. This contention was decided adversely to appellant in *Evans v. State*, 252 Ga. 312, 318 (1) (314 SE2d 421) (1984).

h. Appellant's contention that the information in the affidavits supporting the application for investigative warrants was stale is not supported by the record, which shows that the information was no more than four days old. Thus, we will not consider this enumeration

of error. *Moore*, supra.

i. Appellant contends error in denial of his motion to suppress because the court did not seal the translations of recordings with tape. OCGA § 16-11-64 (b) (5) provides, in pertinent part: "The application for any investigation warrant . . . any supporting evidence in connection therewith, and any entry of the issuance of an investigation warrant as a result thereof shall remain confidential and in the custody of the judge and shall not be released nor information touching same in any manner be disclosed . . ." In the instant case the court directed that such documents, *and any supporting evidence in connection therewith*, would remain confidential and not be released or disclosed except by written order of the court. The statute itself contains no requirement that transcripts or supporting documents be sealed with tape, but only requires that such items remain confidential and in the custody of the judge. Appellant has not referred us to any portion of the record or transcript which supports his contention nor has he cited any legal authority supporting his contention, and since the court complied with the statute, there was no error.

j. Appellant contends error because the warrants did not state with particularity the type of device to be utilized in the surveillance. However, the warrant provides specifically, in pertinent part: "The District Attorney, law enforcement officers and agents in the execution of this Warrant are authorized to place, locate and use the following devices, instruments and apparatus: 'Leased' telephone lines . . . connected electronically to electronic receivers, digital number recorders, and tape recorders." Thus, appellant's contention that the warrant referred only to a device described as a "leased line" and no other pieces of equipment is not supported by the record. Therefore, we will not consider this enumeration of error. *Moore*, supra.

k. Lastly, appellant contends error in denial of his motion to suppress because one of the warrants authorized surveillance at a specific address and the actual surveillance occurred at a different address. The warrant referred to was for surveillance of the residences of Felipe Santamaria and Victor Capote, not appellant. Since none of appellant's Fourth Amendment rights were violated by a wiretap of Santamaria's and Capote's telephones, appellant is not an aggrieved person in regard to such wiretaps and is not entitled to the protection of the exclusionary rule. *Romano v. State*, 162 Ga. App. 816, 819 (1a) (292 SE2d 533) (1982).

4. Appellant contends it was error to allow two co-conspirators to testify in Spanish through use of an interpreter, because the "lag time" in translating gave the witnesses an opportunity to prepare an answer, claim lack of understanding, and inability to answer certain questions. Thus, argues appellant, he was prevented from effective confrontation and cross-examination of the two witnesses.

Appellant made no objection to the use of an interpreter, and this court will not consider questions raised for the first time on appeal. *Moore*, supra.

5. Appellant contends error in denial of his motion for a new trial based on juror misconduct. Appellant alleges that affidavits from three jurors establish that a law book was present and referred to during jury deliberations; that one juror had a conversation with a judge other than the trial judge concerning questions of law, and relayed information from that conversation to other members of the jury during their deliberations; and a comment was made by a bailiff regarding the verdict in a related case.

A ground of a motion for a new trial based upon affidavits of jurors impeaching the verdict is without merit. *Stanley v. State*, 25 Ga. App. 461 (1) (103 SE 689) (1920). Affidavits of jurors may be taken to sustain but not to impeach the verdict. OCGA § 17-9-41; *Hill v. State*, 250 Ga. 277, 285 (7) (295 SE2d 518) (1982); *Dansby v. State*, 165 Ga. App. 41, 42 (2 (a)) (299 SE2d 579) (1983). Hence, this enumeration of error is without merit.

6. Appellant contends it was error to allow co-conspirators to testify before a conspiracy was proven. The trial court allowed the testimony of co-conspirators, over objection, stating that proof of the conspiracy was the State's burden in the total trial. This ruling was correct, as the order of proof is within the discretion of the judge, and there is no error in admitting such testimony if a prima facie case of conspiracy is proved by the State. *Blalock v. State*, 250 Ga. 441, 442 (2) (298 SE2d 477) (1983); *Fallings v. State*, 232 Ga. 798, 799 (1) (209 SE2d 151) (1974).

7. Appellant's enumeration of error relating to the trial court's charge to the jury was waived when the court asked if counsel had exceptions to the charge and appellant's counsel replied: "No, Your Honor." *White v. State*, 243 Ga. 250, 251 (253 SE2d 694) (1979).

8. Appellant contends he was prejudiced by comments of the court throughout the trial. However, none of the comments referred to were directed to appellant or his counsel, and appellant's counsel made no objection to the comments and did not move for a mistrial. Where a trial judge is alleged to have made prejudicial remarks during the course of the trial, an objection or motion for mistrial must be made to preserve the issue for appeal. *Williams v. State*, 164 Ga. App. 562 (2) (298 SE2d 282) (1982).

9. Lastly, appellant contends error in denial of his motion for a directed verdict of acquittal on the grounds that the evidence did not support the charge of conspiracy, the amount of marijuana found at appellant's home was not sufficient to trigger the statute under which appellant was charged, and the only evidence against appellant was the testimony of an alleged co-conspirator.

Regardless of the amount of marijuana found in appellant's actual possession at his home, he was charged with *conspiracy* to traffic in cocaine and marijuana, not with its possession. The evidence relating to the conspiracy disclosed that appellant and his co-conspirators were planning to traffic in hundreds of pounds of cocaine and marijuana, more than enough to trigger the conspiracy charge.

As to appellant's contention that the only evidence against him was the testimony of a co-conspirator, the State also presented evidence from police officers as to electronic surveillance of appellant's telephone and information recorded from telephone calls, as well as testimony relating to physical surveillance of appellant. After reviewing the entire transcript we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED JUNE 24, 1985 —

*Constance M. Boughan*, for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney*, for appellee.