## A00A0876. HILL v. THE STATE.
### (535 SE2d 302)

RUFFIN, Judge.

Clinton Hill was convicted of two counts of selling cocaine. He appeals, contending that the evidence was insufficient to support the convictions and that the trial court erroneously allowed impeachment evidence. For reasons discussed below, we affirm.

1. Mamie Boyette, an undercover narcotics officer with the Georgia Bureau of Investigation, testified that she, another agent, and two confidential informants drove to a mobile home park in Columbia County on February 28, 1997. She testified that Hill approached their car and she told him that she wanted to buy $60 of crack cocaine. Hill said that he would get it and returned to the car a few moments later with a quantity of cocaine. Boyette paid him $60 for the cocaine.

Boyette testified that, at the time of the sale, she knew Hill only by his nickname of "Blue." Three days later, she met with Patrick Morgan of the Columbia County Sheriff's Office, who showed her a set of photographs of people who were suspected of selling crack cocaine in the area. Boyette identified Hill's photograph as the man who sold her the cocaine.

Boyette testified that, on March 17, 1997, she purchased $140 of crack cocaine from Hill in a transaction similar to the first one. She testified that she always tries to make a second buy from a suspect so she can positively identify him at trial. Both transactions were recorded on audiotape, and the tapes were played for the jury.

Hill testified at trial and admitted being involved in the March 17 transaction. He said that he handed the drugs to Boyette as an

---

"accommodation" for another individual who owned the drugs. He said that he was given some cocaine to smoke in return for acting as a middleman in the transaction. Hill claimed that he was not involved in the February 28 transaction.

This evidence was more than sufficient to enable the jury to find Hill guilty of both charges. Although Hill suggests that Boyette's identification was "not proper" because the photographs she was shown by Morgan were not introduced in evidence, he failed to raise any objection either to Boyette's in-court identification or to evidence of her selection of Hill's photograph. Accordingly, he cannot now complain of the admission of such evidence.[1]

2. During his direct examination, Hill admitted that he was a drug user but denied that he sold drugs. In a bench conference, the prosecutor informed the judge that she intended to cross-examine Hill on a prior incident in which he was indicted for possession of cocaine with the intent to distribute and pled guilty to the lesser offense of possession of cocaine. When asked if he wished to respond, Hill's attorney did not raise a specific objection to this line of questioning but simply stated as follows:

> Well, Your Honor, [Hill], you know, has said, so far, that he uses cocaine, and he says that he buys cocaine, of course, to use it; that he did not buy it to sell it. I believe that charge is based on a possession with an intent to distribute cocaine to other people, something that my client denied that he does. He admits to being a user.

The judge then said, "I think you can go into it." The prosecutor cross-examined Hill regarding the conviction and introduced a certified copy of the conviction. Hill's attorney did not raise any objection either to the prosecutor's questions or to the introduction of the certified copy.

On appeal, Hill contends that the trial court erred in allowing the prosecutor to cross-examine him regarding the prior conviction. As we have previously stated, however,

> [a]ll evidence is admitted as of course, unless a valid ground of objection is interposed, the burden being on the objecting party to state at the time some specific reason why it should

---

[1] See *Williams v. State*, 225 Ga. App. 319, 322 (5) (483 SE2d 874) (1997); *West v. State*, 224 Ga. App. 190, 191 (2) (480 SE2d 238) (1997); *Page v. State*, 167 Ga. App. 297, 298 (1) (306 SE2d 381) (1983).

not be admitted. A failure to make such objection will be treated as a waiver.[2]

"[O]bjections made at trial must be specific, and objections that are too vague and indefinite do not require decision by a trial court or an appellate court."[3] Although Hill's attorney made vague factual statements during the bench conference about what his client did and did not admit doing, he never articulated any specific objection or even asked the court to rule the line of questioning impermissible. Moreover, he failed to raise any objection during the actual cross-examination or when the prosecutor introduced the certified copy of the conviction into evidence. Accordingly, Hill cannot now complain that the trial court erred in allowing such cross-examination.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 31, 2000.

*Ellis R. Garnett,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.

---

[2] (Punctuation omitted.) *Hawkins v. State*, 230 Ga. App. 627, 629 (2) (497 SE2d 386) (1998), quoting *Andrews v. State*, 118 Ga. 1 (43 SE 852) (1903).

[3] (Punctuation omitted.) *Harkey v. State*, 159 Ga. App. 112, 113 (5) (282 SE2d 648) (1981).