## A07A0176. BORDERS v. THE STATE.
### (646 SE2d 319)

BERNES, Judge.

A Gwinnett County jury convicted Torrey Nitaya Borders of three counts of aggravated child molestation, one count of aggravated sexual battery, five counts of child molestation, and one count of criminal solicitation to commit murder. The trial court denied Borders' motion for new trial, from which he appeals. He contends that the trial court erred in denying his motion to sever the criminal solicitation to commit murder count from the remaining charges. He also contends that the trial court erred in admitting evidence that he had committed a prior battery against the victim's mother, and that his trial counsel was ineffective for failing to object to this same evidence when it was presented again during the course of trial. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence shows that Borders, the live-in boyfriend of the victim's mother, began molesting the victim when she was eight years old. The victim's mother often worked late so that Borders was frequently alone with the victim when she arrived home from school. During the hours they were alone, Borders molested the victim on almost a weekly basis for over three years.

At trial and in a videotaped interview, the victim described the numerous acts of molestation perpetrated upon her by Borders, including simulated sexual intercourse in which Borders moved the

---

[12] *Hannah v. State*, 280 Ga. App. 230, 235 (2) (633 SE2d 800) (2006).
[13] See Divisions 1 and 2, supra.

unclothed victim's body on top of his unclothed body until he ejaculated; oral sodomy in which Borders placed the victim's mouth on his penis; oral sodomy in which Borders placed his mouth on the victim's vagina; the touching of the victim's buttocks and breast by Borders; and the victim's touching of Borders' penis.

On several occasions, Borders attempted actual intercourse with the victim but stopped after the victim cried that Borders was hurting her. He also attempted to anally sodomize the victim several times. On one occasion, Borders inserted a sexual device into the victim's vagina. He also showed her a television program depicting nude women engaged in sexual acts.

The victim initially did not tell her mother about the molestations because she feared that Borders would hurt her and her mother. She had seen Borders hit her mother and knew that he previously had been arrested for battery against her mother. Eventually, the victim made an outcry to a friend, and with her friend's encouragement, she disclosed the abuse to her mother. The disclosure ultimately led to Borders' arrest and detention at the Gwinnett County detention center.

While in jail, Borders confided in his cellmate and confessed to the acts of molestation and sexual abuse against the victim. Borders also discussed plans to kill the victim. Borders told the cellmate, "the only thing that [I] can do [is] to get [the victim] killed, and if she don't testify, can't nobody prove what [I] did."

The cellmate informed the police of Borders' plan. During an arranged meeting with an undercover officer posing as a hit man, Borders requested that the victim be murdered, discussed payment for the job, gave the officer directions to the victim's school bus stop, and told him the time that the victim would be getting off of the bus.

Based upon this evidence, Borders was charged with and convicted of aggravated child molestation, aggravated sexual battery, child molestation, and criminal solicitation to commit murder.

1. Borders first contends that the trial court erred by denying his pretrial motion to sever the solicitation to commit murder charge for purposes of trial. He argues that the solicitation charge had no relationship to the remaining sexual offense charges. We disagree.

> [A] defendant has a right to severance where the offenses are joined solely on the ground that they are of the same or similar character because of the great risk of prejudice from a joint disposition of unrelated charges. However, where the joinder is based upon the same conduct or on a *series of acts connected together* or constituting parts of a single scheme or plan, severance lies within the sound discretion of the trial judge since the facts in each case are

likely to be unique. In determining whether severance is necessary to achieve a fair determination of the defendant's guilt or innocence of each offense, the court should consider whether in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense.

(Citations and punctuation omitted; emphasis supplied.) *Coats v. State*, 234 Ga. 659, 662 (4) (217 SE2d 260) (1975). See also *Dingler v. State*, 233 Ga. 462, 463-464 (211 SE2d 752) (1975). "Whether evidence of one offense would be admissible in a trial of the other if severance is granted is [also] a relevant consideration." *Bland v. State*, 264 Ga. 610, 611 (2) (449 SE2d 116) (1994). See also *Stewart v. State*, 277 Ga. 138, 140 (587 SE2d 602) (2003).

Here, the joinder of offenses was based upon evidence showing a connected series of acts that started with Borders' commission of the multiple sexual offenses against the victim, and culminated in Borders' solicitation to have the victim murdered to prevent her from testifying against him at trial. Thus, severance of the offenses was not required. See *Wilcox v. State*, 271 Ga. 544, 545-546 (2) (522 SE2d 457) (1999); *Fluker v. State*, 174 Ga. App. 890, 890-891 (1) (332 SE2d 34) (1985).[1] The evidence was not complex and there is no indication that the jury was unable to distinguish the evidence and apply the law intelligently as to each offense.

Moreover, it is clear that evidence of the solicitation to murder would have been admissible in a separate trial of the sexual offenses since the solicitation constituted an admission by conduct. "Evidence of an act by an accused, intended to obstruct justice or avoid punishment for the crime for which he or she is on trial, is admissible if the act constitutes an admission by conduct." (Citation and punctuation omitted.) *Conner v. State*, 160 Ga. App. 202, 203 (4) (286 SE2d 441) (1981) (testimony that defendant hired a hit man to kill the accomplice who planned to testify against him at trial was admissible). Likewise, evidence of the sexual offenses would have been admissible in a separate trial of the solicitation charge since it would have shown

---

[1] Citing to federal authority, Borders contends that to resolve the joinder issue, the trial court was required to look solely to the allegations of the indictment, which failed to specify that the victim of the sexual offenses was the same intended victim of the solicitation to commit murder charge. See *United States v. Chavis*, 296 F3d 450, 456 (II) (B) (6th Cir. 2002) ("Whether joinder was proper under [Federal Rules of Criminal Procedure] Rule 8 (a) is determined by the allegations on the face of the indictment."). However, Georgia law is clear that in determining whether severance is necessary, the court should consider "the complexity of the evidence to be offered" and whether "the trier of fact will be able to distinguish the evidence" in its application of the law as to each offense. *Coats*, 234 Ga. at 662 (4); *Dingler*, 233 Ga. at 463-464.

the circumstances surrounding the commission of the crime. See *Chambers v. State*, 250 Ga. 856, 859 (2) (302 SE2d 86) (1983).

Under these circumstances, severance was not required to achieve a fair determination of the defendant's guilt or innocence of each offense. The trial court did not abuse its discretion in denying Borders' motion to sever. *Sweeney v. State*, 233 Ga. App. 862, 864 (2) (506 SE2d 150) (1998) (denial of severance reviewed under an abuse of discretion standard).

2. Borders further argues that the trial court erred in admitting evidence that he had hit the victim's mother.[2] At trial, the investigating detective was allowed to testify over objection that during the course of the interview, the victim stated that she did not immediately disclose the molestations because she was afraid of Borders since she had witnessed him hitting and otherwise being violent with her mother. Borders contends that the challenged evidence erroneously placed his character in issue. Again, we find no error.

"Whether to admit evidence is a matter that rests in the sound discretion of the trial court. Evidence that is relevant and material to an issue in the case is not made inadmissible because it incidentally places the defendant's character in issue." *Price v. State*, 269 Ga. 373, 374 (2) (497 SE2d 797) (1998). Here, the challenged evidence was admissible to explain the victim's delay in reporting the crime. See *Pruitt v. State*, 274 Ga. 708, 710 (2) (a) (559 SE2d 470) (2002); *Price*, 269 Ga. at 374-375 (2). In addition, the record shows that Borders first raised this issue and opened the door to this line of inquiry. Borders' trial defense was based, in part, upon his claim that the victim fabricated the molestation allegations because she no longer wanted Borders to live in the home due to the prior altercations between Borders and the victim's mother. In support of this defense, Borders' counsel cross-examined the victim and the victim's mother about "fights" between Borders and the victim's mother.[3] Thereafter, "[Borders] sought to exclude further details concerning the same area of inquiry he had introduced. [Yet,] [o]ne cannot complain of a result

---

[2] Borders also claims that the trial court erred in admitting evidence that he had been arrested for battery against the victim's mother. However, the record shows that at the time of Borders' objection, the detective had not testified as to Borders' arrest for battery. When Borders' battery arrest was mentioned later as the victim's videotaped interview was played, Borders' counsel did not object. The trial court was not required to exclude this evidence sua sponte, and the failure of Borders' counsel to object to this evidence is treated as a waiver. See *Spear v. State*, 270 Ga. 628, 631-632 (5) (513 SE2d 489) (1999); *Hill v. State*, 244 Ga. App. 278, 279 (2) (535 SE2d 302) (2000). To the extent that Borders has claimed that his counsel was ineffective by failing to object to this evidence when it was subsequently presented, the issue is addressed in Division 3 of this opinion.

[3] Borders also testified at trial and admitted that his prior altercations with the victim's mother "actually [became] more fights [rather] than arguments."

he procured or aided in causing[,] and induced error is not an appropriate basis for claiming prejudice." (Citation and punctuation omitted.) *Rider v. State*, 207 Ga. App. 519 (1) (428 SE2d 423) (1993).

3. Finally, Borders contends that his trial counsel was ineffective for failing to object to evidence of his prior arrest for assault and battery against the victim's mother.

> To prevail on a claim of ineffective assistance of counsel, an appellant must show deficient performance on the part of counsel and prejudice to his defense resulting from that deficient performance. *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984). A successful ineffective assistance claim must satisfy both prongs of the *Strickland* test.

*Adams v. State*, 276 Ga. App. 319, 323 (6) (623 SE2d 525) (2005). We will affirm the trial court's determination with respect to effective assistance of counsel unless the trial court's findings are clearly erroneous. Id. We find no error here.

"[M]ere mention that a defendant has been in jail falls short of placing his character at issue." *Taylor v. State*, 272 Ga. 559, 561 (2) (c) (532 SE2d 395) (2000); *Adams*, 276 Ga. App. at 324 (6) (a), n. 3. Otherwise, this evidence was essentially the same as the evidence of Borders' violence against the victim's mother, which was properly admitted as determined in Division 2 above. "Failure to make a meritless objection cannot be evidence of ineffective assistance." *Gay v. State*, 258 Ga. App. 854, 857 (4) (a) (575 SE2d 740) (2002).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MAY 10, 2007 —

*Pate & Brody, Bernard S. Brody*, for appellant.
*Daniel J. Porter, District Attorney, Tracie J. Hobbs, Assistant District Attorney*, for appellee.