## 30939. LAWSON et al. v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellants were convicted in a nonjury trial on two counts of communicating gambling information. Each appellant was sentenced to two five-year terms to run concurrently. Certain evidence was obtained under a telephone intercept order. This appeal asserts that the trial court erred in refusing to suppress all evidence derived from the telephone intercept order, the admission of certain evidence, and the denial of appellants' motions for directed verdicts. The appeal attacks also the constitutionality of Ga. L. 1968, pp. 1249, 1328 as amended, Ga. L. 1972, p. 615, and Ga. L. 1972, pp. 952, 953 (Code Ann. § 26-3004) because it fails to meet the requirements set out by the United States Congress in 18 USC §§ 2510-2520.

The telephone intercept order was issued on September 23, 1974, by a judge of the superior court upon the affidavit of an agent of the Georgia Bureau of Investigation. The order authorized the interception of communications over two telephones for a 20-day period. The wiretap began on September 24, 1974, and terminated on September 26, 1974. Thereafter the judge issued two search warrants based upon the intercepted communications. *Held:*

1. Appellants contend that the intercepted communications should have been suppressed because the state failed to comply with the "necessity" requirements of 18 USC § 2518 (1) (c) and § 2518 (3) (c). These sections provide respectively that an application for an order authorizing a telephone interception shall include, "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous," and, "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." Appellants argue that the statements in the GBI agent's affidavit as to necessity are stereotyped recitals and fail to satisfy the statute. We do not agree. The affidavit shows in detail a physical surveillance of the

purported gambling establishment and of the defendants over a period of two weeks prior to the issuance of the telephone intercept order. The affiant shows from prior experience that the full extent of an illegal gambling operation as here, and the individuals' involvement therein cannot be obtained by normal investigative techniques. In our opinion the trial court was authorized to rely upon these representations. As stated in United States v. Robertson, 504 F2d 289, 293, "We first note that §§ 2518 (1) (c) and (3) (c) must be read in a common sense fashion. They are 'simply designed to assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.' United States v. Kahn, 1974, 415 U. S. 143, 153 n. 12, 94 SC 977, 983 n. 12, 39 LE2d 225, 236 n. 12. Their purpose 'is not to foreclose electronic surveillance until every other imaginable method of investigation has been unsuccessfully attempted, but simply to inform the issuing judge of the difficulties involved in the use of conventional techniques.' United States v. Pacheco, 5th Cir. 1974, 489 F2d 554. The provisions contemplate that 'the showing be tested in a practical and commonsense fashion.' "

2. Appellants contend there was an unauthorized publication and disclosure of the contents of the communications obtained under the intercept order. It argues that duplicated tapes of the intercept conversations were made in apparent disregard of the judge's order that such communications and the tapes thereof were to be kept confidential and delivered to the clerk of the court. We find no error. The record shows that the judge who issued the telephone intercept order approved the making of duplicate tapes and transcripts thereof in order to comply with federal and state laws. See 18 USC § 2517 (1) and (2). The duplicate tapes were given to a secretary to transcribe. The duplicate tapes were then erased and the tapes delivered to the judge who issued the intercept order. The judge kept them in his personal possession until the hearing on the motion to suppress when they were delivered to the district attorney.

3. In our opinion the evidence shows that the officers conducting the telephone interceptions did so in such a

way as to minimize the interception of communications not subject to the order. The record shows that the interceptions were terminated on a number of personal and nonrelevant conversations. The interceptions were authorized for a 20-day period; however, they were terminated after two days.

4. The failure to advise the judge issuing the telephone intercept order of a previous interception in October 1973 was harmless. The judge was informed of previous telephone intercepts but not specifically this particular one.

5. We find no merit in appellants' contentions that the affidavit in support of the issuance of the telephone intercept order contained false material representations. These contentions involve the credibility of witnesses and the decision of the trial judge will not be reversed.

6. Appellants contend that Code Ann. § 26-3004 is unconstitutional because it does not meet the minimum standards of Title III of the Omnibus Crime Control Act of 1968 (18 USC § 2510 et seq.). Appellants argue that Code Ann. § 26-3004 omits the provision of 18 USC § 2518 (6) which states: "Whenever an order authorizing interception is entered pursuant to this chapter, the order may require reports to be made to the judge who issued the order showing what progress has been made toward achievement of the authorized objective and the need for continued interception. Such reports shall be made at such intervals as the judge may require." This provision is discretionary and not mandatory. The fact that it is not included in the Georgia statute does not render it unconstitutional or in conflict with the federal provision.

7. Appellants have no standing to challenge the Georgia statute because it does not provide that the application for an intercept order contain a statement as to the period of time the interception is required to be maintained, that it must not be longer than necessary to achieve the objective, that other investigative procedures have failed, that the judge make a finding that other investigative procedures have failed, and require that the person named in the intercept order be given reasonable notice thereof after the surveillance. All of these requirements were complied with and the appellants

show no harm.

8. The trial court did not err in denying appellants' motions for directed verdicts.

9. Evidence that a particular phone was registered to one of the appellants was admissible. Code Ann. § 38-711.

10. During the hearing on the motion to suppress appellant Hall admitted to being a lottery operator. She claims this testimony was necessary to support her motion to suppress. During the trial upon motion by the district attorney the court took judicial notice of her testimony that she was involved in lottery operations. Appellant Hall complains that this is a violation of her Fourth Amendment rights. See Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968). This case was tried by the judge without a jury and the judge had already heard the admission when hearing the motion to suppress. Assuming but not deciding that appellant Hall's Fourth Amendment rights were violated a review of the record convinces us that any such violation was harmless beyond a reasonable doubt.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 9, 1976 — DECIDED APRIL 20, 1976 — REHEARING DENIED MAY 4, 1976.

*Hester & Hester, Frank B. Hester, Herbert Shafer,* for appellants.

*Ben J. Miller, District Attorney, J. Robert Sparks,* for appellee.