### 32785. THE STATE v. BILBO et al.

MARSHALL, Justice.
We granted the state's application for a writ of certiorari in *Bilbo v. State,* 142 Ga. App. 716 (236 SE2d 847) (1977), because of an apparent inconsistency with our decision in *Lawson v. State,* 236 Ga. 770 (225 SE2d 258) (1976). We reverse.
1. The primary question addressed in both opinions is found in Division 1 thereof and concerns the information that must be contained in an application for an order authorizing a telephone interception, in order to fulfill the requirements set out in 18 USC §§ 2518(1)(c) and (3)(c). The Court of Appeals decision in *Bilbo,* that the federal statutory requirements were not met there, necessarily proceeds from two conclusions rejected in *Lawson.*
The first of those conclusions is that law enforcement authorities must exhaust every imaginable investigative

technique other than a wiretap before making a showing that other investigative techniques have been tried and failed. As we stated in *Lawson,* supra, p. 771, §§ 2518 (1)(c) and (3)(c) "are 'simply designed to assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime.' United States v. Kahn, 1974, 415 U. S. 143, 153 n. 12, 94 SC 977, 983 n. 12, 39 LE2d 225, 236 n. 12. Their purpose 'is not to foreclose electronic surveillance until every other imaginable method of investigation has been unsuccessfully attempted, but simply to inform the issuing judge of the difficulties involved in the use of conventional techniques.' United States v. Pacheco, 5th Cir. 1974, 489 F2d 554. The provisions contemplate that 'the showing be tested in a practical and commonsense fashion.' " Nor, in our opinion, would the more traditional investigative techniques not tried in this case, and which the Court of Appeals cites, suffice to expose the crime under investigation, i.e., a conspiracy to communicate gambling information.

The second conclusion rejected in *Lawson,* and relied on in *Bilbo,* was that the judge issuing the intercept order is not authorized to rely on stereotyped recitals in a wiretap application in determining that other investigative techniques reasonably appear to be unlikely to succeed if tried. We expressly stated in *Lawson,* supra, p. 771, that "the trial court was authorized to rely upon these representations."

The statutory preconditions to issuance of an intercept order under 18 USC §§ 2518(1)(c) and (3)(c) are phrased in the disjunctive. The statutory prerequisite relied upon in this case is that traditional investigative techniques reasonably appeared to be unlikely to succeed if tried. In our opinion, in order for an application for an intercept order to make this showing the issuing judge must be presented with sufficient facts from which to conclude not only from the general nature of the crime under investigation that traditional investigative techniques reasonably appear to be unlikely to succeed if tried (it is in making this showing that stereotyped recitals are proper) but also from the facts and circumstances relating to the particular crime under

investigation that traditional investigative techniques reasonably appear to be unlikely to succeed if tried. The application in this case made both of these showings, although only the latter would have been necessary. The trial judge did not err in authorizing the intercept.

2. The Court of Appeals held in Division 2 of its opinion that the trial court erred in overruling the appellants' motion to suppress evidence for the additional reason that the state failed to prove that participation by an informant in monitoring the wiretap, and the consequent publication of the contents of the communications to him, was "necessary and essential to the preparation of and actual prosecution for the crime." Code Ann. §§ 26-3004 (k), 26-3007 (Ga. L. 1968, pp. 1249, 1328, 1334).

The Court of Appeals erred in so holding. Pretermitting any question as to whether there was a publication of the wiretaps to an informant, and whether this was necessary and essential to the state's case, we hold that the Court of Appeals erred in ruling on these questions because they were not raised by the appellants at trial and no ruling was invoked from the trial court.

3. As the Court of Appeals has held in Division 3 of its opinion that the remaining enumerations of error do not require a reversal of the appellants' convictions, the judgment of the Court of Appeals reversing these convictions must itself be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED NOVEMBER 14, 1977 — DECIDED JANUARY 18, 1978 — REHEARING DENIED JANUARY 31, 1978.

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellant.
*Herbert Shafer,* for appellees.