### 63341. ROMANO v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of commerical gambling, communicating gambling information, keeping a gambling place, pandering by compulsion, keeping a place of prostitution and influencing witnesses.

1. The first four enumerations of error raised by appellant deal with the state's use of evidence obtained by electronic surveillance, or "wiretap" evidence, and will be considered together.

To place the issues in proper perspective, a brief recitation of facts relating to the use of wiretaps is necessary. On September 24, 1979 the district attorney for Fulton County applied to the Superior Court of Fulton County for an investigation warrant authorizing a

tap of the telephone in the residence of James Gary Smith, located in Clayton County. The warrant was issued authorizing the district attorney to tap Smith's telephone; the basis for issuance of the warrant was that James Gary Smith and other unknown persons were believed to be committing the crimes of gambling, communicating gambling information, keeping a gambling place, commercial gambling, conspiracy to commit a crime, and violation of the Georgia Controlled Substances Act. Detective Robert C. McClendon was the affiant for obtaining the investigation warrant. Pursuant to the warrant Detective McClendon went to the street on which Smith lived and attached a leased line to the Smith telephone lines in a terminal box where the lines to the Smith telephone are run. The leased line was then connected to a telephone trunk line, thence to the main telephone connecting trunk line, and ultimately terminated in an electronic monitoring device, tape recorders and digital number recorders located in Fulton County.

On October 11, 1979 the district attorney of Clayton County applied to the superior court of that county for an investigation warrant authorizing a tap of the same telephone, naming as targets James Gary Smith, Howard Moore, Bobby Waldrip, appellant Anthony Romano, W. H. North and other unknown persons. Detective McClendon was also the affiant in this application for an investigative warrant, and his affidavit incorporated his previous affidavit of September 24th.

On October 30, 1979 the Fulton County district attorney applied for and received an investigation warrant from the Fulton County Superior Court authorizing a tap on telephones at two businesses located on Stewart Avenue in Fulton County, Georgia. Again Detective McClendon was the affiant, and incorporated his two prior affidavits into the affidavit for this warrant. This tap was extended on November 19, 1979 and on November 30, 1979 an order was issued authorizing a tap of appellant's home telephone. Again, information from the prior affidavits was incorporated into the affidavit for this warrant.

Appellant contends that the trial court erred by denying his motion to suppress all evidence obtained directly or indirectly from wiretaps, because the initial wiretap was void. Thus, argues appellant, since all wiretap evidence (including that used in the affidavit to obtain the wiretap on his residence) stemmed from the initial wiretap, the "fruit of the poisonous tree" doctrine applies (see Wong Sun v. United States, 371 U. S. 471 (83 SC 407, 9 LE2d 441)), and none of the wiretap evidence was admissible.

a. The Omnibus Crime Control and Safe Streets Act was enacted by the Congress of the United States in 1968, and a portion of

that Act dealt with the interception and disclosure of wire or oral communications. 18 USC § 2510 et seq. The Act set forth procedures whereby federal authorities could obtain authorization for wiretaps. It also provided for state regulation of wiretaps, subject to the requirements of the federal statute. In this regard, 18 USC § 2516 (2) provides, in part: "The principal prosecuting attorney of any State, or the principal prosecuting attorney of any political subdivision thereof, *if such attorney is authorized by a statute of that State* to make application to a State court judge of competent jurisdiction for an order authorizing or approving the interception of wire or oral communications, may apply to such judge for, and such judge may grant in conformity with section 2518 of this chapter and with the applicable State statute an order authorizing, or approving the interception of wire or oral communications . . ." (Emphasis supplied.) Pursuant to this authority our legislature enacted Ga. Code § 26-3004, which provides, in pertinent part: "(c) When there is probable cause to believe that a person is committing . . . any crimes involving . . . sale of marijuana . . . gambling . . . or there is probable cause to believe that a private place is being utilized . . . for the commission of any such crime, then, upon written application, under oath, of the district attorney of the circuit wherein the device is to be physically placed . . . which application affirms that there is probable cause to believe (1) that a person is committing . . . any of the crimes enumerated in this subsection, or (2) that a private place is being utilized . . . for the commission of any of the crimes enumerated . . . any judge of the superior court of the circuit aforesaid may issue an investigation warrant permitting the use of devices . . . for the surveillance of such person or place . . ."

Appellant contends that because the wiretap was on a telephone in a residence in Clayton County, and the actual "tap" was in Clayton County, the district attorney of *Fulton* County had no authority under § 26-3004 (c) to obtain the investigation warrant authorizing the initial wiretap of Smith's telephone. Thus, argues appellant, all subsequent wiretaps and information obtained therefrom were "fruits of the poisonous tree" and inadmissible. We resolve this issue against appellant for two reasons. First, appellant did not raise this issue below, and it is well-settled that this court will not consider questions raised for the first time on review. *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371) (1975); *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979). Secondly, appellant had no standing to object to an alleged violation of Smith's Fourth Amendment rights. "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth

Amendment rights infringed. [Cit.] And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, *United States v. Calandra,* 414 U. S. 338, 347 (1974), it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections." Rakas v. Illinois, 439 U. S. 128, 134 (99 SC 421, 58 LE2d 387).

In a case specifically involving electronic surveillance the United States Supreme Court stated: "We adhere to . . . the general rule that Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." Alderman v. United States, 394 U. S. 165, 174 (89 SC 961, 22 LE2d 176). The court went on to hold: "Of course, Congress or state legislatures may extend the exclusionary rule and provide that illegally seized evidence is inadmissible against anyone for any purpose. But for constitutional purposes, we are not now inclined to expand the existing rule that unlawful wiretapping or eavesdropping, whether deliberate or negligent, can produce nothing usable *against the person aggrieved* by the invasion . . . therefore, any petitioner would be entitled to the suppression of government evidence originating in electronic surveillance *violative of his own Fourth Amendment right* to be free of unreasonable searches and seizures. Such violation would occur if [the state] unlawfully overheard conversations *of a petitioner himself* or conversations occurring on his premises . . ." Id., 175-176. (Emphasis supplied.)

The only authority for a motion to suppress is Ga. Code § 27-313, and under the provisions of that statute a pretrial motion to suppress is available only to the person aggrieved by an unlawful search and seizure. *Foote v. State,* 141 Ga. App. 18 (1) (232 SE2d 366) (1977). Since none of appellant's Fourth Amendment rights were violated by the initial wiretap of Smith's telephone, he is not an aggrieved person and is not entitled to the protection of the exclusionary rule. Rakas, supra. Further, no conversations of appellant were overheard on this tap and the tap was not on appellant's premises. Hence, he has no standing to object to the wiretap of Smith's telephone. Alderman, supra.

b. Appellant's final argument in regard to the trial court's failure to suppress wiretap evidence is that the applications for an investigation warrant authorizing electronic surveillance of the telephone in the Waldrip residence, the businesses on Stewart Avenue and appellant Romano's residence failed to demonstrate that other investigative techniques had been tried and failed, or that such techniques appeared unlikely to succeed if they were tried.

18 USCA § 2518 (1) (c) and § 2518 (3) (c) provide that one of two circumstances must exist before a wiretap order will be authorized:

(1) normal investigative procedures have been employed and have failed, or (2) normal investigative procedures have not been tried, but if they were tried they would be unlikely to succeed or they would be too dangerous. Our Supreme Court has held that "[w]iretapping and surveillance are the subjects of federal and state law and both must be complied with where applicable." *Orkin v. State,* 236 Ga. 176, 179 (2) (a) (223 SE2d 61) (1976).

Appellant contends that detective McClendon's affidavits are nothing more than stereotyped recitals and fail to satisfy the statute. We do not agree. McClendon's initial affidavit set forth in detail why physical surveillance of Smith's residence would not be successful, including a statement of the results of two weeks' actual physical surveillance. Additionally, informants had advised the police that all gambling activities of Smith were conducted by telephone. This information was incorporated into all subsequent affidavits, thus explaining why physical surveillance and other normal investigative techniques would be futile in the instant case. In an almost identical case involving electronic surveillance of a gambling establishment appellants made the same contention as Romano has made here. *Lawson v. State,* 236 Ga. 770 (225 SE2d 258) (1976). In holding the affidavit sufficient to meet the requirements of §§ 2518 (1) (c) and 2518 (3) (c), our Supreme Court stated: "The affiant shows from prior experience that the full extent of an illegal gambling operation as here, and the individuals' involvement therein cannot be obtained by normal investigative techniques. In our opinion the trial court was authorized to rely upon these representations. As stated in United States v. Robertson, 504 F2d 289, 293, 'We first note that §§ 2518 (1) (c) and (3) (c) must be read in a common sense fashion. They are "simply designed to assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime." [Cit.] Their purpose "is not to foreclose electronic surveillance until every other imaginable method of investigation has been unsuccessfully attempted, but simply to inform the issuing judge of the difficulties involved in the use of conventional techniques." ' " Id., at 771 (1). Accord, *State v. Bilbo,* 240 Ga. 601, 602 (242 SE2d 21) (1978). Applying these principles to the instant case, we find the affidavits sufficient to meet the requirements of §§ 2518 (1) (c) and (3) (c).

2. Appellant contends the trial court erred in sentencing him for commercial gambling, communicating gambling information and keeping a gambling place because the latter two offenses are included in the offense of commercial gambling. Appellant, relying on *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974), contends that the provisions of Ga. Code § 26-506 (a) bar his conviction of com-

municating gambling information and keeping a gambling place, because they are *specific* instances of commercial gambling in general. While we agree with the principles enunciated in *Estevez,* we considered the same issue raised by appellant here in *Baxter v. State,* 134 Ga. App. 286, 294 (4) (214 SE2d 578) (1975), (cert. denied, U. S. Sup. Ct., 423 U. S. 895), and decided it adversely to appellant's contention. Accordingly, the enumeration is without merit.

3. Appellant's enumeration of error on the general grounds is without merit. We have examined the entire transcript and find the evidence more than sufficient to meet the requirements of Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JUNE 22, 1982 —
REHEARING DENIED JULY 6, 1982 —

*Harold G. Benefield,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Russell J. Parker, Assistant District Attorneys,* for appellee.