**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Horacio MURILLO–GUZMAN,**
**Defendant–Appellant.**

No. 87–5720
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 18, 1988.

Theodore J. Sakowitz, Federal Public Defender, Miguel Caridad, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Thomas J. Mulvihill, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before KRAVITCH, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

Horacio Murillo–Guzman pled guilty to one count of importing 500 grams or more of cocaine in violation of 21 U.S.C. § 952(a). Under 21 U.S.C. § 960(b)(2)(B)(ii), the district court was required to sentence Murillo–Guzman to imprisonment for not less than five years, followed by a term of supervised release for not less than four years. Murillo–Guzman received the minimum sentence permitted by the statute.

Murillo–Guzman argues that the statutory minimum sentence violates the eighth amendment's prohibition against cruel and unusual punishments and the fifth amendment's guarantee of due process. These arguments are without merit. In *United*

States v. Holmes, 838 F.2d 1175 (11th Cir. 1988), a panel of this court rejected similar constitutional challenges to 21 U.S.C. § 841(b)(1)(B)(ii)(II), which requires a term of imprisonment of not less than five years for the possession with intent to distribute of 500 grams or more of cocaine. Applying the analysis of Solem v. Helm, 463 U.S. 277, 292, 103 S.Ct. 3001, 3010, 77 L.Ed.2d 637 (1983), the Holmes panel concluded that the sentences authorized by section 841(b)(1)(B) were not disproportionate to the gravity of the offense. We cannot distinguish this case from Holmes in any relevant fashion. Accordingly, we hold that a prison term of five years followed by four years of supervised release for the importation of more than 500 grams of cocaine does not violate the eighth amendment.

Nor does the statutory minimum deprive the appellant of due process or equal protection. Heightened scrutiny is inappropriate because the statute does not discriminate on the basis of a suspect classification or the exercise of a fundamental right. See United States v. Holmes, supra, at 1177–78. Congress could rationally have concluded that the importation of large quantities of controlled substances posed a particularly great risk to the welfare of society warranting heavy sentences, regardless of the individual offender's particular position in a drug operation's hierarchy. Moreover, as explained in Holmes, the district court has wide discretion to sentence a defendant within a range above the statutory minimum and may take into account factors such as the role of a particular offender.

AFFIRMED.