**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sharon COOK, Defendant–Appellant.**

No. 87–5285.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 1988 *.

Decided Oct. 18, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Douglas C. Brown, San Diego, Cal., for defendant-appellant.

Amalia L. Meza, Assistant U.S. Atty., Crim. Div., San Diego, Cal., for plaintiff-appellee.

Before HALL and LEAVY, Circuit Judges, and CARROLL, District Judge.**

CYNTHIA HOLCOMB HALL, Circuit Judge:

Sharon Cook appeals her sentence, imposed by the district court pursuant to 21 U.S.C. § 960(b)(2)(B)(ii) (Supp. IV 1986), of imprisonment for a minimum of five years without parole in addition to a term of supervised release of at least four years. She argues that her sentence violates the eighth amendment. We affirm.

## I

On April 7, 1987, after a brief trip to Tijuana, Mexico, Cook was arrested at the pedestrian Customs Port of Entry as she was reentering the United States. Under the girdle she was wearing were two large packages containing 1882 grams of 87% pure cocaine. Cook was indicted for violations of 21 U.S.C. §§ 952 and 960 (1982 & Supp. IV 1986) (importation of a controlled substance) and 21 U.S.C. § 841(a)(1) (1982) (possession of cocaine with intent to distribute). On July 28, 1987 she pled guilty to violating §§ 952(a) and 960 and was sentenced pursuant to § 960(b)(2)(B)(ii). After sentencing, the count of the indictment charging Cook with possession of cocaine with intent to distribute was dismissed.

## II

Relying on *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), Cook argues that her mandatory five year sentence violates the eighth amendment because she is a first time offender and allegedly was only a "mule." We review *de novo* the district court's determination of federal constitutional law. *United States v. Savinovich*, 845 F.2d 834, 839 (9th Cir. 1988).

A reviewing court may overturn a sentence that is so disproportionate to the offense for which it was imposed that it constitutes cruel and unusual punishment. *Solem*, 463 U.S. at 284, 103 S.Ct. at 3006. A court's proportionality analysis under the eighth amendment should be guided by objective criteria, including (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) sentences imposed for commission of the same crime in other jurisdictions. *Id.* at 292, 103 S.Ct. at 3011. However, "*successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Id.* at 289–90, 103 S.Ct. at 3009.

Those who import large quantities of cocaine are a threat to the welfare of this society. Cook tried to smuggle almost two kilograms of high grade cocaine into the country. Her crime of importing cocaine is similar to the crime of possession of cocaine with intent to distribute, which

** Honorable Earl H. Carroll, District Judge for the District Court of Arizona, sitting by designa-     tion.

we have recognized as a serious crime. *See Savinovich*, 845 F.2d at 840 (mandatory five year sentence without parole for possession of cocaine with intent to distribute imposed pursuant to § 841(b)(1)(B)(ii) satisfies the eighth amendment).

Cook argues that she was merely a "mule," doing the bidding of more sophisticated drug dealers. We are not persuaded that this diminishes the level of culpability that attaches to her acts. *See United States v. Murillo–Guzman*, 845 F.2d 314, 315 (11th Cir.1988) (regardless of the defendant's particular position in a drug operation hierarchy heavy sentence was warranted); *United States v. Holmes*, 838 F.2d 1175, 1178 (11th Cir.1988). Cook also argues that her sentence is too harsh because she is a first time offender. We do not believe that five years of imprisonment without parole for a first offense of importing a large amount of cocaine is cruel and unusual punishment. *See United States v. Del Toro*, 426 F.2d 181, 184 (5th Cir.1970) (sentence of five years imprisonment without probation for selling heroin is not cruel and unusual punishment even though defendant is a first time offender.)

Cook's mandatory five year sentence is not excessive compared to sentences for other serious federal crimes. *See* 21 U.S.C. § 848(a), (e) (Supp. IV 1986) (continuing criminal enterprise; not less than 10 years with no probation); 21 U.S.C. § 841(b)(1)(B) (Supp. IV 1986) (possession of cocaine with intent to distribute; not less than 5 years with no parole.)

Finally, similar sentences are available in other jurisdictions for the same crime. *See, e.g.*, Fla.Stat.Ann. § 893.135(1)(b)(3) (West 1988) (mandatory minimum of fifteen years in jail and a fine of $250,000 for bringing into the state more than 400 grams of cocaine); Nev.Rev.Stat. § 453.3395(3) (1987) (same); Ga.Code Ann. § 16–13–31(a)(1)(C) (Harrison Supp.1987) (mandatory minimum of twenty-five years in jail and a fine of $500,000 for bringing into the state more than 400 grams of cocaine.); *see also State v. Niemcow*, 505 So.2d 670 (Fla.1987) (mandatory fifteen years in jail for conspiracy to traffic in cocaine greater than 400 grams); *Ellis v. State*, 256 Ga. 751, 353 S.E.2d 19 (1987) (thirty years in jail with no parole for bringing into the state more than 200 grams of cocaine.)

Having considered the *Solem* criteria, we hold that Cook's sentence does not violate the eighth amendment.

■ Further, Cook argues that pursuant to 18 U.S.C. § 3651 (1982) the district court could have granted probation despite the mandatory penalty provisions of 21 U.S.C. § 960(b) (Supp. IV 1986). Section 3651 permits a court, when satisfied that it is in the best interests of justice, to suspend a defendant's sentence and place him on probation "unless [it is] explicitly made inapplicable." *Rodriguez v. United States*, 480 U.S. 522, 107 S.Ct. 1391, 1393, 94 L.Ed.2d 533 (1987) (quoting *United States v. Donovan*, 242 F.2d 61, 64 (2d Cir.1957)). The language of section 960(b) makes it explicitly clear that a court cannot place on probation any person sentenced pursuant to it:

"Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this paragraph. No person sentenced under this paragraph shall be eligible for parole during the term of imprisonment imposed therein."

21 U.S.C. § 960(b)(2).

Therefore, Cook's claim is meritless.

AFFIRMED.