977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rene DUMAS, Defendant-Appellant.
 No. 91-50723.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 5, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Dumas appeals pro se the district court's denial of his motion under Federal Rule of Criminal Procedure 12(b)(2) to dismiss his information. The information charged him with conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841 and 846. Dumas pleaded guilty to the charges and was sentenced in December 1990. He did not file his Rule 12(b)(2) motion to dismiss until nine months later. Sixteen days after the district court denied this motion, Dumas filed a notice of appeal.
 
 
 3
 We must first determine whether the district court had jurisdiction to hear Dumas's motion and whether we have appellate jurisdiction. On its face, Dumas's motion was untimely, as Rule 12(b)(2) motions must be filed before trial, or if based on lack of jurisdiction, at any point during the pendency of the proceedings. His notice of appeal was also untimely, exceeding the ten day limit established by Federal Rule of Appellate Procedure 4(b).
 
 
 4
 A basis for the district court's jurisdiction, and ours, exists only if we construe Dumas's motion as a petition for habeas corpus pursuant to 28 U.S.C. § 2255. Although the district court did not explicitly designate Dumas's motion as such, it did state that it was "a motion to modify the sentence." Rule 2 of the Rules Governing Section 2255 Proceedings provides that applications for habeas relief "shall be in the form of a motion to vacate, set aside, or correct the sentence." Thus, the district court may well have construed Dumas's motion as a habeas petition.
 
 
 5
 In this circuit, "[w]e have consistently held ... that courts should liberally construe the pleadings and efforts of pro se litigants." United States v. Ten Thousand Dollars, 860 F.2d 1511, 1513 (9th Cir.1988); see also Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990); United States v. Matthews, 833 F.2d 161 (9th Cir.1987) (district court properly construed pro se litigant's motion under Federal Rule of Criminal Procedure 35 as a motion under 28 U.S.C. § 2255). We therefore construe Dumas's Rule 12(b)(2) motion as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.
 
 
 6
 The district court accordingly had jurisdiction to entertain this application pursuant to 28 U.S.C. §§ 2241 and 2255. We also have jurisdiction pursuant to 28 U.S.C. § 2255, and the appeal is timely under Federal Rule of Appellate Procedure 4(a), which governs habeas appeals. See Rule 11 of the Rules Governing Section 2255. We affirm.
 
 
 7
 We review the denial of a petition for a writ of habeas corpus de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991). Each of Dumas's claims raises a question of law or constitutional law, which we also review de novo. United States v. Cook, 859 F.2d 777 (9th Cir.1988); United States v. Polizzi, 801 F.2d 1543 (9th Cir.1986). Although a guilty plea generally waives all claims of constitutional violation that occurred before the plea, an exception exists for "jurisdictional claims." United States v. Caperell, 938 F.2d 975, 977 (9th Cir.1991). Jurisdictional claims are those that challenge the applicable statute as unconstitutional or allege that the information fails to state an offense. Id. Dumas raises various constitutional claims and also alleges that the information is defective because, among other reasons, it fails to state an offense. We review each of these claims in turn.
 
 
 8
 Dumas first claims that the Comprehensive Drug Abuse Prevention and Control Act of 1970 (Act), under which he pleaded guilty, unconstitutionally delegates authority to the Attorney General. However, it was Congress, not the Attorney General, that made the narcotics classification which Dumas challenges. Thus, Congress simply did not delegate any of its authority in enacting sections 841 and 846 and in making the distribution of cocaine subject to those sections.
 
 
 9
 Dumas argues alternatively that the Act itself is unconstitutional. He claims that Congress lacked constitutional authority to pass the Act. We have already held, however, that Congress acted clearly within its power under the Commerce Clause when it enacted this legislation. See United States v. Kinsey, 843 F.2d 383, 393 (9th Cir.), cert. denied, 487 U.S. 1223 (1988).
 
 
 10
 Dumas also contends that section 841(a)(1) and 21 C.F.R. 1306.04 (1990) are unconstitutional bills of attainder. A bill of attainder is "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." Selective Service System v. Minnesota Public Interest Research Group, 468 U.S. 841, 847 (1984). Section 841(a)(1), by contrast, penalizes conduct rather than membership in a group, and it does so only after a judicial determination of guilt. It is therefore not a bill of attainder. See Hudson v. United States, 766 F.2d 1288, 1292 (9th Cir.1985). 21 C.F.R. 1306.04 (1990) has no relevance to this case, as it regulates the issuance and filling of drug prescriptions by physicians and pharmacists. Dumas is neither.
 
 
 11
 Dumas also contends that section 841(a)(1) applies only to pharmacists and physicians; because he is neither, he claims that he should not have been prosecuted under that section. By its own terms, however, section 841(a)(1) applies to "any person" who possesses with intent to distribute a controlled substance. In United States v. Moore, 423 U.S. 122, 133-35 (1975), the Court held that section 841(a)(1) also applies to physicians and pharmacists. Thus, section 841(a)(1) does not apply only to physicians and pharmacists, but rather to any person, including physicians and pharmacists.
 
 
 12
 Dumas then attacks the information to which he pled. He claims that it improperly cited to sections 841(a)(1) and 846 rather than to "21 U.S.C. § 301 et seq." and "18 U.S.C. et seq." Generally, the sufficiency of an indictment or information cannot be collaterally attacked unless the appellant can show cause as to why the claim was not raised before trial. United States v. Causey, 835 F.2d 1289, 1291 (9th Cir.1987). Dumas has not provided any explanation as to why he did not raise this claim before trial, and thus his claim is barred. Even if a collateral attack could be made, however, Dumas does not raise a valid claim. He was properly charged with and pleaded guilty to violations of 21 U.S.C. §§ 841 and 846.
 
 
 13
 Dumas also claims that the information violates 18 U.S.C. § 1001 because it contains false statements. Because his actions did not constitute a crime against the people of the United States of America, Dumas argues, it constituted a fraud to issue the indictment in the name of the United States. This claim is patently frivolous. Having pled guilty to a federal criminal charge, under an Act that is clearly constitutional, Dumas may not attack the allegations contained in the information. See United States v. Matthews, 833 F.2d 161, 165 (9th Cir.1987).
 
 
 14
 Dumas argues, finally, that the district court denied his due process rights by denying his dismissal motion when he was not present. As we are construing Dumas's motion as an application for habeas corpus, we rely on the law pertinent to such applications. It is clear that "a hearing is not automatically required on every section 2255 petition." Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982). A hearing is not required if the petition does "not state a claim for relief" or it is "so patently frivolous or false as to warrant a summary dismissal." Id. We believe that the district court properly denied Dumas's application and that a hearing was not required under these circumstances.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3